IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| PAMADO, INC., d/b/a CENTRAL BEVERAGE COMPANY, an Illinois corporation,<br><br>   Plaintiff-Counterdefendant,<br><br>   v.<br><br>HEDINGER BRANDS, LLC, an Indiana limited liability company<br><br>   Defendant-Counterplaintiff. | Case No. 08-C-1146<br><br>Judge Robert M. Dow, Jr.<br><br>Magistrate Judge Ashman<br><br>Removed from the Circuit Court of Cook County, Illinois, Law Division,<br>Case No. 08-L-000646 |

**PAMADO, INC.'S ANSWER AND AFFIRMATIVE DEFENSE
TO HEDINGER BRANDS, LLC'S COUNTERCLAIM**

Plaintiff-Counterdefendant Pamado, Inc., d/b/a Central Beverage Company ("Central Beverage"), by and through its counsel, Gozdecki & Del Giudice, LLP, answers as follows Hedinger Brands LLC's Counterclaim:

1. Hedinger Brands is an Indiana limited liability company with its principal place of business in Jasper, Indiana.

**ANSWER:**

Admitted.

2. Hedinger's sole member is Keith Hedinger. Mr. Hedinger is a citizen and resident of Indiana who resides in Jasper, Indiana.

**ANSWER:**

Central Beverage lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies same.

3. Central Beverage is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in the Village of Broadview, Cook County, Illinois.

**ANSWER:**

    Admitted.

4. The amount at issue in this counterclaim is in excess of $75,000, exclusive of costs and attorneys' fees.

**ANSWER:**

    Central Beverage admits Hedinger claims damages in excess of $75,000. Central Beverage denies it breached the Agreement at issue and denies any liability to Hedinger.

5. This Court has personal jurisdiction over the parties to this counterclaim.

**ANSWER:**

    Admitted.

6. This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1332 and 1367.

**ANSWER:**

    Admitted.

7. On or about February 6, 2006, Monarch Beverage Company, Inc. ("Monarch") and Central Beverage entered into a Trademark License and Distributor's Agreement ("Agreement"), a true and accurate copy of which has been attached to the Complaint as Exhibit A.

**ANSWER**:

    Admitted.

8. The rights and obligations of Monarch under that Agreement have been assigned to Hedinger Brands.

**ANSWER**:

    Admitted.

9. Under paragraph 5.2 of the Agreement, Central Beverage was obligated to use its best efforts to promote, develop and service the market for the Beverages (as that term was defined in the Agreement) throughout the Territory (as that term was defined in the Agreement) and, by prompt delivery, adequate service to customers, and otherwise, build and maintain a reasonably volume of patronage, no less than the minimum requirements defined in paragraph 7.2(b).

**ANSWER**:

Central Beverage neither admits nor denies the allegations of this paragraph because they call for legal conclusions.

10. Under paragraph 7.2(d) of the Agreement, Central Beverage could be terminated by Monarch or Monarch's successor in interest if Central Beverage failed "to pay to the Company approved source the price of the Beverages."

**ANSWER**:

Central Beverage neither admits nor denies the allegations of this paragraph because they call for legal conclusions.

11. Central Beverage breached its obligations under the Agreement by, *inter alia*, (a) failing to exercise its best efforts to promote, develop and service the market for the Beverages throughout the Territory; (b) failing to meet the minimum requirements for sales defined in paragraph 7.2(b) of the Agreement; and (c) failing to pay to the Company approved source the price for the Beverages.

**ANSWER**:

Denied.

12. These breaches were material.

**ANSWER**:

Denied.

13. Hedinger Brands has been harmed by Central Beverage's breaches of the Agreement.

**ANSWER:**

Denied.

WHEREFORE, Pamado, Inc., d/b/a Central Beverage Company prays for a judgment in its favor and against Hedinger Brands, LLC as requested in its Complaint.

**AFFIRMATIVE DEFENSE**

Set-Off

As fully alleged in Central Beverage's Complaint, Hedinger Brands breached the Agreement by failing to provide Central Beverage with the exclusive right to distribute all product lines and flavors of Dad's Root Beer products in the Chicago area.  Consequently, Central Beverage is entitled to a set-off of any damages proven by Hedinger Brands.

Dated:  March 24, 2008

                Respectfully submitted,

                Richard A. Del Giudice (ARDC #6190103)
                Earl E. Farkas (ARDC #6220308)
                David N. Pruitt (ARDC # 6287134)

BY:    s/Earl E. Farkas
           One of the Attorneys for Defendant Pamado,
           Inc, d/b/a Central Beverage Company

Richard A. Del Giudice, Esq.
Earl E. Farkas, Esq.
David N. Pruitt, Esq.
**GOZDECKI & DEL GIUDICE, LLP**
221 North LaSalle Street
Suite 2200
Chicago, IL  60601
(312) 782-5010

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of the foregoing was filed electronically this 24th day of March, 2008. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>Jonathan P. Fromel, Esq.
>James E. Michel, Esq.
>Barnes & Thornburg, LLP
>One North Wacker Driver
>Suite 4400
>Chicago, IL  60606

>                                       s/ Earl E. Farkas
>                                       Earl E. Farkas