IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| PAMADO, INC., d/b/a CENTRAL BEVERAGE COMPANY, an Illinois corporation, <br><br> Plaintiff-Counterdefendant, <br><br> v. <br><br> HEDINGER BRANDS, LLC, an Indiana limited liability company <br><br> Defendant-Counterplaintiff. | Case No. 08-C-1146 <br><br> Judge Robert M. Dow, Jr. <br><br> Magistrate Judge Ashman <br><br> Removed from the Circuit Court of Cook County, Illinois, Law Division, Case No. 08-L-000646 |

## JOINT STATUS REPORT

The parties, Pamado, Inc., d/b/a Central Beverage Company ("Central Beverage" or "Plaintiff"), and Hedinger Brands, LLC ("Hedinger Brands" or "Defendant"), hereby submit their Joint Status Report:

1. **Attorneys of Record**

For Central Beverage:

Richard A. Del Giudice (Lead Counsel / Trial Attorney)
Earl E. Farkas
David N. Pruitt
Gozdecki & Del Giudice, LLP
221 N. LaSalle St. Suite 2200
Chicago, IL 60601
(312) 782-5010

For Hedinger Brands:

Jonathan P. Froemel (Lead Counsel / Trial Attorney)
Dwight D. Lueck
James E. Michel
Barnes & Thornburg, LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606
(312) 357-1313

2.   **Basis for Federal Jurisdiction**

This Court has removal jurisdiction pursuant to 28 U.S.C. § 1441(a) because this Court would have had original jurisdiction of the action on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000 exclusive of costs and attorneys' fees and is between citizens of different states.

3.   **Nature of the Claims Asserted in the Complaint and Counterclaim**

Hedinger Brands' predecessor in interest licensed Central Beverage to sell products under the Dad's Root Beer trademarks for distribution in an exclusive territory in Illinois. Central Beverage claims Hedinger Brands breached the parties' Trademark License and Distribution Agreement between Hedinger Brands' predecessor in interest and Central Beverage ("Agreement") by allowing another distributor to sell Dad's products in its exclusive territory. Central Beverage also claims that Hedinger Brands breached the Agreement by terminating the Agreement without cause and by failing to pay damages required by the Agreement. Central Beverage claims damages exceeding $171,000.

Hedinger Brands brought a counterclaim in which it claims that Central Beverage breached the Agreement by (a) failing to exercise its best efforts to promote, develop and service the market; (b) failing to meet the minimum sales requirements; and (c) failing to pay to a Hedinger Brands' approved source the price for a shipment of product. It seeks damages in an amount to be determined at trial.

4.   **Name of any party who has not been served**

None.

5.   **The principal legal issues**

The principal legal issue in this case is whether and to what extent either party breached the Agreement including, but not necessarily limited to, (a) whether Hedinger Brands' allowing

sales of Dad's product to be made to Jewel/Osco stores in Central Beverage's territory violated the Agreement's exclusivity provision, (b) whether Hedinger Brands was justified in terminating the Agreement, (c) whether Central Beverage was required to meet minimum sales goals pursuant to the Agreement and, if so, the minimum sales requirements, (d) whether Central Beverage exercised its best efforts to promote, develop and service the market for the Dad's product throughout its territory; (e) whether Central Beverage breached the Agreement when it failed to make a payment to Hedinger Brands' "company approved source" because of the sales of Dad's product to Jewel/Osco in its territory, (f) whether Central Beverage may offset any amounts due for the shipment of Dad's product it received from the "company approved source" against damages it alleges to have suffered from the actions of Hedinger Brands, and (g) whether Central Beverage's failure to pay for a shipment of product constitutes a material breach of the Agreement.

6. **The principal factual issues**

The principal factual issues in this case are (1) whether and to what extent Hedinger Brands allowed sales to retailers in the territory covered by the Agreement by parties other than Central Beverage, (2) whether Hedinger Brands had cause to terminate the Agreement, and (3) whether Central Beverage used its best efforts to comply with the terms of the Agreement.

7. **Whether a jury trial has been demanded by any party**

Neither party has demanded a jury.

8. **A brief description of any discovery that has been taken and of the discovery anticipated to be required, and suggested dates for discovery deadlines**

No discovery has been conducted by the parties to date. The parties have not yet determined the extent of discovery that will be required. The parties suggest that factual discovery be completed no later than August 31, 2008, and expert discovery (if any) be concluded no later than November 30, 2008.

> **The earliest date the parties would be ready for trial and the estimated length of trial**

The parties anticipate being ready for trial by February 1, 2009.

10. **Whether the parties consent unanimously to proceed before a Magistrate Judge**

The parties do not consent to proceed before a Magistrate Judge.

11. **The status of any settlement discussions**

The parties have not yet conducted settlement discussions.

12. **Whether the parties request a settlement conference**

The parties are amenable to a settlement conference but wish to conduct some discovery and settlement discussions between the parties before such a conference is scheduled or held.

Respectfully submitted,

Richard A. Del Giudice (ARDC #6190103)
Earl E. Farkas (ARDC #6220308)
David N. Pruitt (ARDC # 6287134)

BY: _____

One of the Attorneys for Defendant Pamado, Inc, d/b/a Central Beverage Company

Richard A. Del Giudice, Esq.
Earl E. Farkas, Esq.
David N. Pruitt, Esq.
**GOZDECKI & DEL GIUDICE, LLP**
221 North LaSalle Street
Suite 2200
Chicago, IL 60601
(312) 782-5010

4

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of the foregoing was field electronically this 14th day of April, 2008. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Jonathan P. Fromel, Esq.
Dwight D. Lueck, Esq.
James E. Michel, Esq.
Barnes & Thornburg, LLP
One North Wacker Driver
Suite 4400
Chicago, IL  60606

/s/ Earl E. Farkas