EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| PAMADO, INC., d/b/a CENTRAL BEVERAGE COMPANY, an Illinois corporation,<br><br>Plaintiff-Counterdefendant,<br><br>v.<br><br>HEDINGER BRANDS, LLC, an Indiana limited liability company,<br><br>Defendant-Counterplaintiff. | Case No. 08 C 1146<br><br>Judge Robert M. Dow, Jr.<br><br>Magistrate Judge Ashman |

## STIPULATED PROTECTIVE ORDER

This lawsuit concerns disputes between Defendant Hedinger Brands, LLC ("Hedinger") and Plaintiff Pamado, Inc., d/b/a Central Beverage Company ("Central Beverage"), a former distributor of products licensed by Hedinger. Hedinger and Central Beverage (collectively, the "Parties," and individually, a "Party") anticipate, based on the written discovery already served in the case and on the nature of the lawsuit, that each Party will, during the course of the litigation, be required to disclose to the other Party confidential information, which maintains an independent economic benefit by not being known to the general public or competitors. This confidential information includes, among other things: (a) confidential customer information, including the amount of business between a Party and specific customers and the agreed terms under which such business is conducted; (b) information concerning the detailed costs of doing business, including information concerning profitability not generally known to the public; and (c) the Parties' development and business plans and efforts that are not generally known to the public. Based on the nature of the Parties' confidential information, whether or not specifically

identified above, the Parties believe, and the Court concurs, that a Protective Order safeguarding the Parties' confidential information is appropriate in this lawsuit.

The following Stipulated Protective Order ("Order"), having been agreed to and stipulated by counsel, is entered to govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure ("FRCP") or such other applicable rules and other information, which the disclosing party designates as CONFIDENTIAL, furnished directly or indirectly, by or on behalf of, any party to this action ("Information").

## **DEFINITIONS**

1.  For the purposes of this Order, "Confidential Information" means any and all tangible and intangible information of any type, kind, or character, that maintains an independent economic benefit by not being known to the general public or competitors, which (a) a Party produced or provided to the other Party during the course of this litigation pursuant to the FRCP or otherwise obtained by a Party, and (2) is designated as CONFIDENTIAL in the manner specified in this Order.

2.  Confidential Information shall be used by the Parties solely for the purpose of conducting this litigation (including any appeal(s) and/or retrial(s)), and shall not be used in connection with any other litigation or arbitration, or for any other purpose, including, *inter alia*, any and all business, governmental, commercial or competitive purpose, administrative or judicial proceedings, unless such disclosure of Confidential Information is required by law. In the event that another Court, Administrative Agency, Arbitrator or person subpoenas or orders a Party to produce Confidential Information, which has been obtained under the terms of this

Order, the Party receiving the subpoena or order shall promptly provide written notice of such a subpoena or order to the Parties and their counsel, prior to the production or disclosure of any Confidential Information.

3. The Parties' ability to designate Information as CONFIDENTIAL shall not be construed as an admission or agreement by the adversarial Party that any Information designated as CONFIDENTIAL constitutes or contains Confidential Information as contemplated under this Order.

4. The Parties may only disclose Confidential Information to a "Qualified Person" which for purposes of this Order include and are limited to:

(a) outside counsel working on behalf of any Party in this action, including all paralegal assistants, stenographic employees, and clerical employees working under the supervision of such counsel;

(b) the Parties' independent outside experts, who meet the conditions set forth in Paragraph 5(a) and are expressly retained by any attorney to assist in the preparation for the trial of this action, whether such outside experts are testifying witnesses or consulting experts, with such disclosure being limited to Confidential Information necessary for the expert to effectively perform such work. However, no such expert may receive Confidential Information unless and until all conditions set forth in Paragraph 6 are met;

(c) authors, addressees, and prior recipients of copies of documents containing Confidential Information with respect only to those documents for which they are authors, addressees, prior recipients, or a person who is or was associated or has or had a business relationship with the designating party for whom there is a reasonable belief that he/she may have been an addressee or prior recipient in the normal course of his/her business with the designating party, but only to the extent to confirm whether he/she was an addressee or prior recipient (provided, however, if it is confirmed that the person is an addressee or prior recipient, then that person will qualify as a Qualified Person under this subsection and pursuant to this Order);

(d) the Parties and employees, agents or representatives of the Parties who are involved in the prosecution or defense of this litigation;

(e) persons employed by commercial copying services that have been requested to make copies of documents for use in connection with this case;

(f) court personnel, including stenographic reporters engaged in proceedings incident to the preparation for trial and/or trial of this action, including deposition reporters and their transcribers;

(g) the Court, under seal, as detailed in Paragraphs 17 and 18, or with other suitable precaution calculated to maintain confidentiality;

(h) such other persons as hereafter may be designated by written agreement of both Parties; and

(i) any other person(s) designated as a "Qualified Person" by Order of this Court, after notice is served upon the Parties.

In addition to the foregoing, a Party may disclose its own Confidential Information to any of its former employees, agents or representatives who may have knowledge about the document or information at issue or had access to such information in the normal course of his/her business with that Party without waiving the protections afforded by this Order and without waiver of any trade secret or any intellectual property, proprietary, or other rights to or in such Confidential Information.

5.  No expert shall become a "Qualified Person" under Paragraph 4(b) of this Order until the following preconditions are met:

(a) The Proposed "Qualified Person" shall be provided with a copy of this Order.

(b) The Proposed "Qualified Person" shall be advised that he/she is bound by this Order.

(c) The Proposed "Qualified Person" shall execute a document agreeing to comply with the terms of this Order, acknowledging that unauthorized disclosure of Confidential Information constitutes contempt of Court and consenting to the exercise of personal jurisdiction by this Court. (*See* Exhibit A.)

6.  Before disclosing any Confidential Information to a Qualified Person as identified in Paragraphs 4(b), (c), (d) and (e), the intended recipient of any Confidential Information must be provided with a copy of this Order and must execute Exhibit A to this Order agreeing to comply with the terms of this Order, acknowledging that unauthorized disclosure of Confidential

4

Information constitutes contempt of Court, and consenting to the exercise of personal jurisdiction by this Court.

## **DESIGNATION OF CONFIDENTIAL INFORMATION**

7. Information may be designated CONFIDENTIAL by marking each page containing such information as CONFIDENTIAL.

8. The disclosure of Confidential Information pursuant to compelled discovery or otherwise covered by this Order shall not constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to or in such Confidential Information.

9. Production of any information, including deposition testimony or other testimony, without a designation of CONFIDENTIAL shall not in and of itself be deemed a waiver of any Party's claim of confidentiality as to such matter. The initial failure to designate information in accordance with this Order shall not preclude any Party or third party, at a later date, from designating such materials CONFIDENTIAL. A Party or third party may, by written notice to counsel of record for the recipient party or parties, designate previously produced information as CONFIDENTIAL that was not previously designated as CONFIDENTIAL. Upon receipt of such written notice, the recipient party or parties shall:

    (a) promptly mark CONFIDENTIAL its copies of the identified information,

    (b) thereafter, treat the information as CONFIDENTIAL, as required pursuant to this Order,

    (c) restrict the disclosure or use of such Confidential Information to Qualified Persons as designated in this Order. If such Confidential Information has previously been disclosed to persons not designated as Qualified Persons as defined in this Order, the recipient party or parties shall take all reasonable steps to obtain any and all such previously disclosed Confidential Information and advise such persons of the confidentiality of such information.

10. If counsel for a Party has a reasonable and good faith belief that any deposition question or answer contains Confidential Information, then counsel shall so state on the record and shall request that all pages that include such Confidential Information be marked CONFIDENTIAL. When testimony designated as CONFIDENTIAL is elicited during a deposition, persons not entitled to receive or have access to such Confidential Information under the terms of this Order shall be temporarily removed from the deposition until the expected questioning in connection with the Confidential Information has concluded. In addition, testimony elicited during a deposition shall be deemed CONFIDENTIAL until twenty (20) days after the deposition transcript has been delivered to counsel and counsel may, within that twenty (20) days, designate portions of the testimony as CONFIDENTIAL as allowed under this Order, notwithstanding the fact that counsel may not have designated the testimony CONFIDENTIAL at the time of the deposition.

11. Prior to the distribution of any transcript containing testimony or exhibits designated CONFIDENTIAL, the court reporter shall mark any such transcript with the legend THIS TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION or a similar legend, and said transcript shall be treated in accordance with the provisions of this Order.

    (a) Outside counsel, as identified in Paragraph 4(a), receiving a transcript designated with the above-mentioned legend shall take all reasonable precautions and actions to ensure that testimony designated as CONFIDENTIAL is disclosed only to Qualified Persons as defined in this Order. For example, such reasonable precautions or actions may include redacting testimony marked CONFIDENTIAL from a transcript before disclosing it to an individual who is not qualified to access or have knowledge of such Confidential Information pursuant to this Order.

12. A Party is not obligated to immediately challenge the propriety of a Party's designation of certain materials as CONFIDENTIAL, and any such failure or delay in challenging a Party's CONFIDENTIAL designation shall not in any way preclude a Party from

subsequently challenging any such designation or constitute a waiver of any of the Party's rights hereunder.

## OBJECTIONS TO DESIGNATION

13. Whenever a Party objects to the designation of any information as CONFIDENTIAL, the objecting party shall provide written notice to its adversary delineating such objection. Within ten (10) days of receipt of such notice, the Party proposing the CONFIDENTIAL designation shall move this Court for the entry of an order stating that the information designated CONFIDENTIAL is entitled to the protections and safeguards set forth in this Order. Pending the Court's ruling on such a motion, the challenged materials shall be treated as Confidential Information in accordance with this Order. If the proponent of the CONFIDENTIAL designation does not move to have the Court designate or clarify that the challenged information is properly designated as CONFIDENTIAL within the requisite ten (10) days, the CONFIDENTIAL designation shall be deemed withdrawn, unless otherwise agreed upon by the Parties.

14. The Parties may, without leave of Court, agree to amend this Order with respect to specific documents or other tangible or intangible information in the form of a stipulation properly filed with the Court.

## NON-DISCLOSURE OF CONFIDENTIAL INFORMATION

15. Confidential Information produced or provided in the course of this litigation shall not be disclosed to any person or entity not identified as a Qualified Person under the terms of this Order.

16. Nothing herein shall prevent disclosure beyond the terms of this Order if both Parties consent, in writing, to such disclosure in advance, or if the Court, after reasonable notice to all the affected Parties, permits such disclosure.

17. The Parties shall inform the Court at any hearing or trial of this matter of any testimony or document designated as CONFIDENTIAL. If any such Confidential Information is used, or if the substance of such materials (or any portion thereof) is disclosed in any pleading, motion, brief, or other paper filed with the Court, such document shall be filed under seal with the following legend:

> **CONFIDENTIAL - FILED UNDER SEAL in accordance with the Protective Order entered by the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 08 C 1146.**

18. Subject to the provisions of FRCP 26, the Clerk of this Court is hereby directed to maintain under seal all documents received for filing with the Court, or admitted at a hearing or trial, which have been marked, in whole or in part, as CONFIDENTIAL including, but not limited to, answers to interrogatories, responses to requests for production of documents, responses to requests for admissions, transcripts, motions, briefs, affidavits, reports, and other materials.

## RESERVATION OF RIGHTS

19. This Order does not limit in any way the Parties' rights to oppose production or admissibility of documents or information for any legal reason, including an objection that certain documents or information be produced only to outside counsel.

20. The production or disclosure of any document or communication that is subject to an attorney-client, attorney work product, or other privilege will not be deemed a waiver of such privilege, provided that the Party entitled to assert such privilege notifies the Parties to whom

such disclosure or production was made. A Party shall have the right to "claw back" or "snap back" any information that it believes is privileged that was produced in this case by sending a written request to the recipient Party's (or Parties') counsel demanding that the material be returned. Any Party receiving such a letter shall return the original and all copies of the alleged privileged material within 48 hours, even if the Party disputes the underlying privilege. A Party's return of allegedly privileged information is without prejudice to its right to seek a judicial determination of the merits of that privilege claim.

## RESPONSIBILITIES OF ATTORNEYS

21. The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of Confidential Information. Qualified Persons shall not duplicate any Confidential Information except for working copies or copies for filing in Court under seal.

22. Counsel shall at all times: (a) keep secure all notes, abstractions or other work product derived from or containing Confidential Information; (b) shall maintain the confidentiality of such work product; and (c) shall not disclose the contents of said notes, abstractions, or other work product after the Confidential Information upon which it is based has been returned or destroyed, as provided below.

23. The restrictions and obligations set forth herein relating to Confidential Information shall not apply to any information which: (a) was, is, or becomes public knowledge, other than through violation of this Order; or (b) has come or shall come into the Party's lawful possession independently of the producing Party.

## **NON-TERMINATION**

24. The provisions of this Order shall not be terminated at the conclusion of this matter. Within thirty (30) days after final conclusion of all aspects of this litigation, a Party may request, in writing, that the other Party destroy, or cause to be destroyed, any and all Confidential Information, whether originals or copies, in its possession or in a third-parties possession as a result of this litigation. In response to such a written request, the Party (or its counsel) shall deliver a written certification of such destruction to the requesting Party (or its counsel) not more than sixty (60) days after final termination of this litigation. Notwithstanding the foregoing, counsel for all Parties may retain one archival copy of deposition transcripts, deposition exhibits, and exhibits used in submissions to the Court.

## **NON-PARTY INFORMATION**

25. Any person or entity not a party to this lawsuit that provides testimony or documents in the above-captioned lawsuit pursuant to a request or demand of a Party ("Non-Party Information") may designate such Non-Party Information according to the terms of this Order by executing the attached Acknowledgement of Protective Order and by designating the information as provided pursuant to this Order.

26. Non-Party Information designated pursuant to this Order by an executing non-party shall be treated subject to the same limitations as Confidential Information produced by a Party.

27. Subject to the provisions of paragraph 28, a person or entity producing Non-Party Information agrees to be bound by all provisions of this Order as though that non-party were a party to this lawsuit.

28.	Any dispute concerning the production or protection of Non-Party Information and involving the non-party will be brought in the court issuing the subpoena demanding production of that information or, if the information is produced without first receiving a subpoena, in a court that has jurisdiction over the person or entity from which the Non-Party Information is sought or was received.

29.	This Court retains jurisdiction to enforce the terms of this Order.

IT IS SO ORDERED this _____ day of_____, 2008.

_____
Judge Robert M. Dow, Jr.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| PAMADO, INC., d/b/a CENTRAL BEVERAGE COMPANY, an Illinois corporation,<br><br>   Plaintiff-Counterdefendant,<br><br>v.<br><br>HEDINGER BRANDS, LLC, an Indiana limited liability company,<br><br>   Defendant-Counterplaintiff. | Case No. 08 C 1146<br><br>Judge Robert M. Dow, Jr.<br><br>Magistrate Judge Ashman |

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she (1) read the Stipulated Protective Order entered in the above-captioned matter, (2) understands the terms thereof, (3) agrees, upon threat of penalty of contempt, to be bound by such terms, and (4) consents to the exercise of personal jurisdiction by this Court with respect to violations of the Stipulated Protective Order.

Dated: _____, 2008        By: _____

## EXHIBIT A

12

Distribution:

496837v1

## CERTIFICATE OF SERVICE

I, Jonathan P. Froemel, certify that a copy of AGREED MOTION FOR LEAVE TO ENTER STIPULATED PROTECTIVE ORDER was served via email and U.S. Mail, postage prepaid, upon:

Richard A. Del Giudice (ARDC #6190103)
Earl E. Farkas (ARDC #6220308)
John K. Burnett III (ARDC # 6285845)
GOZDECKI & DEL GIUDICE, LLP
221 North LaSalle Street
Suite 2200
Chicago, IL  60601

this 10th day of September, 2008.

*Jonathan P. Froemel*
Jonathan P. Froemel